## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| TOIA T. BROWN | * | Case No. 18-00441 |
| Debtor | * | Chapter 13 |

| | | |
|---|---|---|
| GLENNCREST RESIDENTS ASSOCIATION, INC. | * | |
| | * | |
| Movant | * | |
| v. | * | |
| TOIA T. BROWN | * | |
| Respondent | | |

### MOTION TO DEEM LATE FILING OF PROOF OF CLAIM AS TIMELY FILED

COMES NOW Glenncrest Residents Association, Inc. ("Glenncrest", or "Movant"), by and through undersigned counsel, Chadwick Washington Moriarty Elmore & Bunn, P.C., and files this Motion to Deem its Late Filed Proof of Claim as Timely Filed, and states the following in support:

1.     On June 22, 2018, Toia T. Brown, ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2.     Debtor included Glenncrest as an unsecured creditor on Schedule F and scheduled an undisputed debt in the amount of $1836.00.

3.     The Court set August 31, 2018 as the last date to file Proofs of Claim.

4.      On or about August 27, 2018, undersigned counsel mailed a Proof of Claim to the Clerk, stating Movant's claim for $1588.00.[1]

5.      Per the United States Postal Service Standards Map, the Proof of Claim should have been timely delivered to the Clerk on or before August 29, 2018. A copy of this Map is attached as **Exhibit A**.

6.      Upon information and belief, this Proof of Claim was not processed and/or filed by the Clerk until September 4, 2018, thereby causing this Proof of Claim to be not timely filed.

## BASIS FOR RELIEF REQUESTED

7.      Federal Rule of Bankruptcy Procedure 9006(b)(1) allows the deadline to be extended where the failure to timely act "was the result of excusable neglect."

8.      The Supreme Court held in *Pioneer Inv. Servs. v. Brunswick Assocs.,* 507 U.S. 380 (1993), that excusable neglect includes those situations where a failure to comply with a deadline was the result of something beyond the movant's control.

9.      Here, undersigned counsel acted in good faith and mailed the paperwork to the clerk with reasonably sufficient time for the latter to receive it prior to the August 31 deadline.

10.      Undersigned counsel had no reason to anticipate that the filing would take over a week to be processed by the Clerk.

11.      Additionally, this Court has its equitable powers under 11 U.S.C. 105(a) to allow this claim to be deemed timely filed.

12.      Debtor acknowledged this debt to Movant in her schedules and provided for payment through the Chapter 13 Plan.

---

[1] This firm now has an attorney barred in the Bankruptcy Court for the District of Columbia and is therefore able to file electronically, moving forward.

13.    Debtor would not be prejudiced by this Court allowing Movant's claim, which

seeks less than the amount Debtor stated in her schedules.

WHEREFORE Movant Glenncrest Residents Association, Inc. seeks the entry of an

Order granting the instant Motion, deeming its Proof of Claim as timely filed, and granting such

other and further relief as the Court deems just and equitable.


Respectfully submitted this 14th day of September, 2018

**/s/ Jeremy C. Huang**
Jeremy C. Huang, DC Bar No. 1000849
CHADWICK WASHINGTON ELMORE MORIARTY & BUNN, P.C.
3201 Jermantown Rd., Suite 600
Fairfax, VA 22030
(T) 703-352-1900 / (F) 703-352-5293
jhuang@chadwickashington.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of September, 2018, a copy of the foregoing
Motion and the corresponding Notice of Hearing were served via first class mail, postage
prepaid, and or the Court's electronic filing system upon the following persons:

Derek D. Bathrick,
Tommy Andrews, Jr.
ANDREWS LAW FIRM
122 North Alfred Street
Alexandria, VA 22314

Nancy Spencer Grigsby
Chapter 13 Trustee
185 Admiral Cochrane Dr., Suite 240
Annapolis, MD 21401


**/s/ Jeremy C. Huang**