The order below is hereby signed.

Signed: September 27 2018



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
TOIA T. BROWN,                     )   Case No. 18-00441
                                   )   (Chapter 13)
        Debtor.                    )

ORDER

The debtor filed her petition on June 22, 2018. On the same day, the Clerk issued a *Notice of Chapter 13 Bankruptcy Case* (Dkt. No. 10), noting that the deadline for all creditors to file a proof of claim (except governmental units) was August 31, 2018. That notice was sent to, among other creditors and interested parties, a creditor named Glenncrest Residents Association, Inc. ("Glenncrest") by first class mail via the Bankruptcy Noticing Center. *See* Dkt. No. 12, at 3. Glenncrest's Proof of Claim, Claim No. 6, was filed on September 4, 2018. On September 14, 2018, through counsel, Glencrest filed a *Motion to Deem Late Filing of Proof of Claim as Timely Filed* (Dkt. No. 24).

In the *Motion*, Glenncrest's counsel states that he mailed the Proof of Claim to the Clerk "[o]n or about August 27, 2018" and, per the United States Postal Service Standards Map (attached

as Exhibit A to the *Motion*), the Proof of Claim should have been delivered to the Clerk "on or before August 29, 2018." Counsel for Glenncrest contends that the Proof of Claim did, in fact, arrive prior to the deadline for filing claims but the Clerk's office failed to process or file the Proof of Claim until September 4, 2018. The Clerk's office stamps paper filings as they arrive and Glenncrest's Proof of Claim contains a Clerk's office stamp demonstrating that it was received on September 4, 2018.

At any rate, the date that the Proof of Claim was filed is irrelevant at this time. Each claim filed is approved unless an objection thereto is filed and, in resolving such objection, the court disapproves the claim. This even applies to claims filed after the expiration of the time allotted for filing claims.

Glenncrest's claim relates to "Unpaid Homeowners Association Assessments." Claim 6-1, at 2. The Proof of Claim states that the entire amount owed to Glenncrest is an unsecured debt. Glenncrest does not address whether, pursuant to D.C. Code § 42-1903.13, Glenncrest holds a secured claim against the debtor. If Glenncrest's claim is secured and the claim is ultimately disapproved as untimely filed, Glenncrest's lien on the debtor's real property, though not provided for by the debtor's Chapter 13 Plan, will survive the bankruptcy unaffected. If Glenncrest's claim is unsecured and the claim is ultimately disapproved as

untimely filed, Glenncrest's claim, if provided for in the debtor's Chapter 13 Plan (*i.e.*, if the plan, as confirmed, provides for treatment of the claim in the event it is deemed not untimely filed), will be discharged upon the debtor's completion of her Chapter 13 Plan and receipt of a discharge.

Glenncrest's *Motion* was accompanied by a *Notice of Hearing on Motion to Deem Late Filing of Proof of Claim as Timely Filed* (Dkt. No. 25), noting an impending hearing related to its *Motion* on October 2, 2018. However, Glenncrest failed to file a notice of opportunity to oppose its *Motion*, as required by LBR 9013-1(b)(3). For that reason, the *Motion* will be denied without prejudice. It is thus

ORDERED that the *Motion to Deem Late Filing of Proof of Claim as Timely Filed* (Dkt. No. 24) filed by Glenncrest Residents Association, Inc., is DENIED without prejudice.

[Signed and dated above.]

Copies to: Recipients of electronic notification of orders.